UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATHANIEL JOSEPH KIMMEL, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:24-0018 |
| v. | : | (JUDGE MANNION) |
| SCHUYLKILL CO. PRISON, *et al.*, | : | |
| Defendants | : | |

# MEMORANDUM

## I. Background

Plaintiff, an inmate currently confined in the Smithfield State Correctional Institution, Huntingdon, Pennsylvania, filed the above captioned civil rights action pursuant to 42 U.S.C. §1983. (Doc. 1). He complains of an incident which occurred at his former place of confinement, the Schuylkill County Prison. Id. The named Defendants are the Schuylkill County Prison and Lt. Cory Sable, C.O. Angelo Rodriguez and inmates Sean Cook and Sean Dattson. Id.

Plaintiff states that on September 27, 2020, he "was beaten by command from C/O" and that he "had [two] cellmates that were told to beat [him] til [he] confessed." Id. He claims that "the C/Os helped beat [him]." Id. Plaintiff states that he is "taking seizures and takes medicine for seizures since the beating." Id. Plaintiff also suffers blurry vision and scars on his

forehead and skin as a result of Defendants "throwing Ajax in [his] eyes." Id. Plaintiff further alleges that he "lost hearing in [his] left ear" which he "guess[es] if from blunt head trauma." Id. Finally, he claims that the medical report will reveal "that a boot print was on [his] face" and "only guards can wear boots, not inmates" and that it was Defendant Rodriguez' boot. Id. Although the Pottsville Police "have [Plaintiff's] statement of events, they did not charge anyone for doing this." Id. Plaintiff claims that was housed in the Schuylkill County Prison for three years and "was repeatedly harassed, physically, verbally, every time [he] wrote out a grievance – it was denied." Id.  Thus, Plaintiff filed the instant action in which he seeks compensatory and punitive damages. Id. The required filing fee has been paid. (Doc. 4).

Title 28 U.S.C. §1915A requires a district court to screen any complaint brought by a prisoner who seeks relief from a government employee for purposes of determining whether, *inter alia*, the complaint fails to present a viable cause of action. This initial screening is to be done as soon as practicable and need not await service of process. 28 U.S.C. §1915A(a). The Court has conducted an initial screen of Plaintiff's complaint pursuant to 28

U.S.C. §1915(e)[1] and 28 U.S.C. §1915A and for the reasons set forth below, will dismiss the complaint as legally frivolous.[2]

II. **Discussion**

A District Court can raise the issue of the statute of limitations *sua sponte* at the screening stage. See Hunterson v. Disabato, 244 F. App'x 455, 457 (3d Cir. 2007) ("[A] district court may *sua sponte* dismiss a claim as time-barred under 28 U.S.C. §1915A(b)(1) where it is apparent from the complaint that the applicable statute of limitations has run."). While a plaintiff is not required to plead that the claim has been brought within the statute of limitations, Ray v. Kertes, 285 F.3d 287, 297 (3d Cir. 2002), the Supreme

---

[1] Section 1915(e)(2) of Title 28 of the United States Code provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

[2] A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of §1915(e)(2), the former §1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

- 3 -

Court observed in Jones v. Bock, 549 U.S. 199, 215 (2007), that if the allegations of a complaint, "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." The same principle applies to screening complaints under the PLRA. See Whitenight v. Commonwealth of Pennsylvania State Police, 674 F. App'x. 142, 144 (3d Cir. 2017) ("When screening a complaint under §1915, a district court may *sua sponte* dismiss the complaint as untimely under the statute of limitations where the defense is obvious from the complaint and no development of the factual record is required."); Paluch v. Secretary Pennsylvania Dept. of Corrections, 442 F. App'x. 690, 694 n. 2 (3d Cir. 2011) ("Although the statute of limitations applicable to §1983 actions is an affirmative defense, which may be waived by the defendant, it is appropriate to dismiss *sua sponte* under §1915(e)(2) a complaint whose untimeliness is apparent from the face of the record"); McPherson v. United States, 2010 WL 3446879 at *4 (3d Cir. Sept.2, 2010) ("[W]hen a statute-of-limitations defense is apparent from the face of the complaint, a court may *sua sponte* dismiss the complaint pursuant to 28 U.S.C. §1915 or 28 U.S.C. §1915A"); see also Archie v. City of Newark, No. CIV. 12–3657 FSH, 2012 WL 2476229, at *3 (D.N.J. June 27, 2012) (dismissing complaint as time barred under *sua sponte* screening authority).

Under Pennsylvania law, there is a two-year statute of limitations period for personal-injury torts. 42 Pa. Cons. Stat. §5524. Because a §1983 claim is characterized as a personal-injury claim, such claims are governed by the applicable state's statute of limitations for personal-injury claims. See Wallace v. Kato, 549 U.S. 384, 387 (2007); see also Cito v. Bridgewater Township Police Dept., 892 F.2d 23, 25 (3d Cir. 1989).

The limitation period begins to run on the accrual date, which is governed by federal law. Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009). Under federal law, a claim accrues when the facts which support the claim reasonably should have become known to the plaintiff. Sameric Corp. v. City of Phila., 142 F.3d 582, 599 (3d Cir. 1998); Cetel v. Kirwan Fin. Grp. Inc., 460 F.3d 494, 507 (3d Cir. 2006) (quoting Mathews v. Kidder Peabody & Co., 260 F.3d 239, 252 (3d Cir. 2001)); see also Large v. County of Montgomery, 307 F. Appx. 606, 606 (3d Cir. 2009). "The determination of the time at which a claim accrues is an objective inquiry; [courts] ask not what the plaintiff actually knew but what a reasonable person should have known." Kach, 589 F.3d at 634. Importantly, accrual is not tied to whether the potential claimant knew or should have known that the injury constitutes a legal wrong. Giles v. City of Philadelphia, 542 F. App'x. 121, 123 (3d Cir. 2013) (citing Sandutch v. Muroski, 684 F.2d 252, 254 (3d Cir. 1982)). Rather, "a cause of action accrues when the fact of injury and its connection to the

defendant would be recognized by a reasonable person." Kriss v. Fayette Cty., 827 F. Supp. 2d 477, 484 (W.D. Pa. 2011) aff'd, 504 F. App'x. 182 (3d Cir. 2012). Accordingly, "[a]s a general matter, a cause of action accrues at the time of the last event necessary to complete the tort, usually at the time the plaintiff suffers an injury." Kach, 589 F.3d at 634. Furthermore, "the rule that a cause of action accrues upon discovery of the injury does not require that a plaintiff have identified every party who may be liable on its claim." Graff v. Kohlman, 28 F. App'x. 151, 154 (3d Cir. 2002) (citing New Castle County v. Halliburton NUS Corp., 111 F.3d 1116, 1125 (3d Cir. 1997)).

Judged by these benchmarks, Kimmel's allegations against Defendants are plainly time-barred. Specifically, Plaintiff's complaint centers on an assault which allegedly took place on September 27, 2020, more than two years prior to the January 5, 2024 filing of the instant action. "A complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint." Wisniewski v. Fisher, 857 F.3d 152, 157 (3d Cir. 2017).

Because the statute of limitations defense is apparent on the face of Kimmel's complaint, it is subject to dismissal as legally frivolous pursuant to the Court's screening authority under 28 U.S.C. §1915(e)(2)(B)(i) and §1915A(b)(1). Moreover, as the complaint fails to reveal any ground for

equitable tolling of the statute of limitations,[3] the complaint will be dismissed with prejudice. Ostuni v. Wa Wa's Mart, 532 Fed.Appx. 110, 112 (3d Cir. 2013) (*per curiam*) (affirming dismissal with prejudice due to expiration of statute of limitations).

III. **Conclusion**

For the foregoing reasons, the Court will dismiss the complaint as legally frivolous as time-barred pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and §1915A(b)(1). Amendment is futile.

An appropriate order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: January 18, 2024**
24-0018-01

---

[3] Equitable tolling "is only appropriate '(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.' " Omar v. Blackman, 590 Fed.Appx. 162, 166 (3d Cir. 2014) (quoting Santos ex rel. Beato v. United States, 559 F.3d 189, 197 (3d Cir. 2009)).